IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| WILLIE EARL JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 109-056 |
| ) | |
| HAROLD HEATH, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the McDuffie County Jail in Thomas, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

## I. BACKGROUND

Upon review of Plaintiff's complaint, the Court finds the following. Plaintiff has filed the above-captioned case against Harold Heath. (Doc. no. 1, pp. 1, 3). According to Plaintiff, on August 13, 2007, he was "fishing" at Defendant Heath's pond. (Id. at 4). While Plaintiff was fishing, Defendant Heath visited the pond and noticed Plaintiff fishing. (Id.). Plaintiff states that Defendant Heath "pulled a pistol on [Plaintiff]" and instructed Plaintiff to get into his car. (Id.). Defendant Heath then drove Plaintiff to the Warren County Sheriff's Office. (Id.). Plaintiff states he was arrested, apparently convicted, and "wrongfully sentenced." (Id.). Plaintiff seeks monetary damages, as well as a sentence reduction. (Id. at 5).

## II. DISCUSSION

### A. No State Actor

The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted).

According to Plaintiff, Defendant Heath is the owner of the property upon which Plaintiff was "fishing." Although, Defendant Heath "pulled a pistol on Plaintiff," Plaintiff

2

makes no allegations that Defendant Heath was acting under color of state law. Therefore, Plaintiff has not stated a viable claim and his complaint should be dismissed.

### B. Failure to State a Claim Pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)

Next, to the extent Plaintiff seeks a reduction of his sentence, his claim must fail. The Supreme Court has held that, when an inmate's allegations rest on the invalidity of his imprisonment, his 42 U.S.C. § 1983 claim does not accrue until that invalidity is proven. Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). Furthermore, the Supreme Court stated that, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the complaint must be dismissed, unless the conviction or sentence has already be invalidated. Id. at 487. Conversely, 42 U.S.C. § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983). Indeed, "[a]s the Supreme Court noted, the most obvious example of an action barred by *Heck* is one in which the plaintiff actually 'seek[s] damages directly attributable to conviction or confinement.'" Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Heck, 512

U.S. at 487 n.6). Simply put, a claim for monetary damages resulting from Plaintiff's alleged unconstitutional conviction or confinement is not cognizable under 42 U.S.C. § 1983. See Heck, 512 U.S. at 483.

Plaintiff submits that he has "been wrongfully sentenced beyond measures with no proof or evidence." (Doc. no. 1, p. 4). Plaintiff seeks monetary damages ($460,000) directly attributable to his conviction and confinement, and thus, a successful § 1983 action based on Plaintiff's allegations concerning his trial necessarily implies the invalidity of his conviction. Furthermore, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Plaintiff's current allegations concerning his sentence are not actionable in a civil rights action. Accordingly, Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of July, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4